Filed 7/12/24  P. v. Templar CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ELLIS TEMPLAR,<br><br>        Defendant and Appellant. | D082875<br><br><br>(Super. Ct. No. SCD295831) |

APPEAL from a judgment of the Superior Court of San Diego County, Dwayne K. Moring, Judge.  Affirmed.

Ellis Templar, in pro. per.; and John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Ellis Templar pleaded guilty to assault with force likely to cause great bodily injury (Pen. Code,[1] § 245, subd. (a)(4)).  Templar thereafter sought to set aside his guilty plea.  Templar was provided new counsel to address his

---

[1]    All statutory references are to the Penal Code.

motion for new trial. At one point, he was permitted to represent himself. The motion for new trial was denied and Templar again requested counsel.

The court granted two years formal probation with credit for 205 days served. Templar filed a timely notice of appeal and obtained a certificate of probable cause (§ 1237.5).

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to independently review the record for error as mandated by *Wende*. We advised Templar he could file his own brief on appeal. He has responded with a lengthy submission and several motions.[2] Templar requests new counsel because he contends appellate counsel is incompetent.

In his materials Templar, for the first time claims he was not properly charged. "Ellis Templar" is a fictitious person. He now claims his real name is Lachlan Rotechrek, thus he argues the trial court did not have jurisdiction to try the case because Ellis Templar does not exist. Additionally, Templar claims all of his attorneys were ineffective, and the court erred in denying his motion to set aside his guilty plea. Lastly, he contends his guilty plea was coerced.

Our review of Templar's brief and the record has not raised any arguable issues for reversal of his current conviction. The issues Templar seeks to raise will have to await some other legal challenge if he chooses to pursue such proceedings.

---

[2]    Templar's motion to augment the reporter's transcript from the preliminary hearing, is denied.

## STATEMENT OF FACTS

This appeal follows a guilty plea.  Appellate counsel has submitted a brief statement from the plea process.  We will include that statement here for convenience.

Templar and H.L. were in a dating relationship which ended.  H.L. started dating M.B.  On July 6, 2022, H.L. and M.B. left the Tilted Stick Bar in Point Loma around 10:30 p.m. to walk to H.L. residence.  Templar assaulted M.B. from behind and struck his head multiple times with a metal or aluminum bottle. They grappled and Templar twice struck M.B. in the face.  Templar fled.  The police responded.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to independently review the record for error.  To assist the court in its review, and in apparent compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified one possible issue that was considered in evaluating the potential merits of this appeal:  Whether the court erred in denying Templar's motion to withdraw his guilty plea.

We have reviewed the record as required by *Wende* and *Anders*.  We have not discovered any arguable issues for reversal on appeal.  Competent counsel has represented Templar on this appeal.

## DISPOSITION

The judgment is affirmed.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


O'ROURKE, J.